# UNITED STATES BANKRUPTCY COURT
## Western DISTRICT OF Missouri

In re:  Hughes, Vickie Lee            )
                                      )
                                      )   Case No. 06-21297
   108 Sieville Rd., #97              )
   Columbia, MO  65203                )   Chapter 7
                                      )
Employer's Tax Identification (EIN) No's.  )   Judge _____
(if any)  43-1895511                  )
                                      )
Last four digits of Social Security no(s).  )   Adv Proc. No. 06-2066
   5039                               )
                                      )
Plaintiffs:   Hughes, Vickie Lee      )
                                      )
Defendants:                           )
                                      )
   American Education Services       )
   P.O. Box 2461                      )
   Harrisburg, PA  17105-2461         )
                                      )
   Mohela                             )
   633 Spirit Drive                   )
   Chesterfield, MO  63005-1243       )
                                      )
   U.S. Attorney Office               )
   Att: Diane Breckenridge            )
   Room 5510, U.S. Courthouse         )
   400 East 9th Street                )
   Kansas City, MO 64106              )
                                      )
   Attorney General              )
   Main Justice Building              )
   950 Pennsylvania Avenue NW         )
   Room 5111                          )
   Washington, DC  20530              )
                                      )
   Missouri Department of Higher      )
   Education                          )
   3515 Amazonas Drive                )
   Jefferson City, MO  65109          )

FILED NOV 28 2006 PAT BRUNE, CLK. U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI

COMPLAINT TO DETERMINE DISCHARGABILITY OF STUDENT LOAN

1. Debtor files this case under Chapter 7 of the Bankruptcy Code on November 28, 2006. This Court thus has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding and is brought to the court under 11 U.S.C. 523(a)(8).

2. Three of the unsecured debts owing by the Debtor and listed on Schedule F – Creditors Holding Unsecured Nonpriority Claims – are student loans owing to American Education Services and Mohela.

3. These loans were incurred to pay expenses at Meramec Community College and William Woods University.

4. These loans are currently in deferment until September of 2007, however given Debtor's unusual circumstances it is unlikely that Debtor will have income sufficient to maintain a minimal living standard and repay off loan at the end of deferment period. This action is not necessarily meant to eliminate the loans, unless the court rules it as just, at this time, but to serve as a point of negotiation and reference should the Debtor be unable to overcome the circumstances she finds herself in.

   Debtor is currently living on disability and child support. Disabilty income for youngest daughter goes directly to daughter, who does not live with Debtor due to a difficult situation. Under disability guidelines, Debtor is only allowed certain amount of income from employment. Debtor has completed Bachelor's Degree in paralegal studies, but has had no success with finding full-time employment. Prospects do not look good. It is not beyond the realm of possibility that Debtor is being "black-listed" by community due to incidents that occurred around the time of the last Bankruptcy. Debtor's skills lend potential to the notion that she could perform paralegal duties, however, Debtor's "disability" sends her to Mid Missouri Mental Health Center where she receives minimal help. After these visits, Debtor has to rebuild life. Debtor has not found adequate professional help in dealing with disability. Debtor has applied at Attorney General's office where classmate secured employment, but has received no response. Debtor's prospects for adequate employment at this time are slim. Debtor does not intend to give up.

   Debtor's daughter is eighteen year's of age and resides with brother. Daughter is to commence paying for living expense out of Disability payments, however, Debtor does not currently have insurance coverage for daughter so Debtor would have to pay any medical expenses in cash. Debtor's child support may end soon.

5. The Debtor's current financial condition is likely to continue for a significant portion of the repayment period of the loan. During the process of completing Bankruptcy Petition Debtor suffered from numerous bouts of anxiety and has been fighting onslaught of debilitating physical pain. To date Debtor has not found adequate medical care to control pain. It is likely that should Debtor find medical care that prescription medicine would be additional cost. Debtor was told that she would have this pain before she started having it.

6. Debtor has made a good-faith effort to repay the debt.

7. The Debtor has filed for bankruptcy for reasons other than just to discharge her student loan.

Dated: _11/28/06_                               _[signature]_
                                                Debtor in Propria Personâ